**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**-------------------------------------------------------x**
**UNITED STATES OF AMERICA,**

                                                          **08 CR 360 (HB)**

      -against-

                                                          **AFFIRMATION**

**O KEANE WHITE,**

              **Defendant**
**-------------------------------------------------------x**

      I  MARTIN J. SIEGEL, ESQ. an attorney admitted to practice within this District, due hereby make this affirmation in support several pre trial applications made by the defendant **O KEANE WHITE**. This includes, but not limited to,

      1) Suppressing certain statements allegedly made by the defendant to law enforcement agents,

      2) Requesting a severance of these proceedings from that of his co-defendant Mr. Antonio Scott,

      3) Dismissing this matter due to a lack of jurisdiction or nexus to a violation of a federal law,

      4) Granting such other and further relief as to this Court may seem just and proper

      Your affiant joins with the pre trial motions made by CURTIS FARBER, ESQ., counsel for the co-defendant herein Mr. Antonio Scott.

## MOTION TO SUPPRESS STATEMENTS MADE BY THE DEFENDANT AT THE TIME OF HIS ARREST

As part of the discovery provided to the defense, certain statements were allegedly made by the defendant **O KEANE WHITE** herein to law enforcement officials at the time of his arrest. The prosecution has signaled that they may wish to offer the referenced alleged admissions during their direct case. The alleged statements were taken from the defendant in clear violation of his constitutional rights. Mr. White has attached an affidavit where he clearly states that at no time was he properly and lawfully advised of his Miranda rights, to includes, but not limited to, his right to have counsel present as well as his constitutional protection against self incrimination. Therefore under all the circumstances this Court should order a pre trial hearing to determine if the alleged statements of the defendant should be suppressed.

## MOTION FOR SEVERANCE

The prosecution has provided copies of statements that have been made by both defendants at the time of their arrest. . These statements which are attached to this motion clearly and unequivocally demonstrate that both defendants have allegedly implicated each other in the crimes charged herein. The admission of these statements, no matter how carefully the prosecution attempts to sanitize

them, will be unduly prejudicial and a clear violation of Crawford v. Washington, 124 S.Ct. 1354 (2004) and United States v. McClain, 377 F.3d 219 (2d Cir. 2004). Rule 14 of the Federal Rules of Criminal Procedure provides as follows:

> Rule 14. Relief From Prejudicial Joinder
> <u>(a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.</u>
> (b) Defendant's Statements. Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.
> (As amended Feb. 28, 1966, eff. July 1, 1966; Apr. 29, 2002, eff. Dec. 1, 2002.)

It is clear that this Court should, under all the circumstances, order a severance of these proceedings. Counsel for co-defendant Antonio Scott has moved for a severance under the same grounds as your affiant. Under all the circumstances the Court should grant the application of both defendants

## IDENTIFICATION ISSUE

The prosecution has notified the defense that the alleged victims never made an identification of either defendant. The defense has a concern that the prosecution at trial, may ask the alleged victims to make an in- court identification of the defendants.  It is clear that the attempted identification of either defendant by the alleged victims would utilize a highly suggestive procedure. Upon information and belief, the alleged victims never saw the faces of the alleged

perpetrators. Therefore without a proper foundation and a prior independent source, no in-court identification should be permitted. If the prosecution should attempt an in-court identification of the defendants, there is a very strong possibility that a mis-identification of the defendants would most probably occur. Therefore, if the prosecution will attempt an in-court identification of the defendants by the alleged victims, a hearing should be conducted.

## FEDERAL ISSUE WITH OFFENSE

The defendant O KEANE WHITE has instructed counsel to challenge the federal jurisdiction of the instant prosecution. The history of this prosecution is that the defendants herein were originally arrested by NYPD on or about March 7, 2008. After approximately one month, the matter was transferred to the federal authorities. The allegations of this matter are that the defendants allegedly entered an apartment in Bronx County with the alleged intention of committing a robbery of money and possibly narcotics. The arrest of the defendants occurred at or near the building where the acts allegedly complained of occurred. There is no allegation that either of the alleged participants crossed state lines at any stage of the planning and execution of the incident. Further the arrest, investigation and initial prosecution was conducted by New York City personnel.

There appears to have been no federal intervention or involvement until several weeks after the arrest of the defendants and their indictment and

prosecution in Bronx County.

The defendants have been indicted pursuant to 18 USC 1951(b)(3) and charged with conspiring to commit an armed robbery of individuals engaged in narcotics. The acts alleged a garden variety robbery without any attempt to bring the matter under the auspices of the federal authorities.

In support of this issue, the defense requests that this Court consider the following authorities: U.S. v. Hall 20 F3rd 1084(10th Cir. 1994); U.S. v. Brown 925 F 2nd 1301(10th Cir. 1991); U.S. v. Risk 843 F 2nd 1059 (7th Cir. 1988); U.S. v. Taverez 488 F Supp 2d 246 (EDNY 2007)

Under all the circumstances this Court should grant the relief requested together with whatever other such other and further relief as to this Court may seem just and proper.

DATED: NEW YORK, NEW YORK
July 15, 2008

_____
MARTIN J. SIEGEL