**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**UNITED STATES OF AMERICA,**

                                                                                  **08 CR 360 (HB)**

      -against-

                                                          **REPLY AFFIRMATION**

**O KEANE WHITE,**

              **Defendant**
-------------------------------------------------------x

      I  MARTIN J. SIEGEL, ESQ. an attorney admitted to practice within this District, due hereby make this reply affirmation in support several pre trial applications made by the defendant **O KEANE WHITE**. as well as to contest certain of the arguments made by counsel fro the prosecution in their response to the original motions filed by the defendant herein.

<u>MOTION TO SUPPRESS POST ARREST STATEMENTS OF THE DEFENDANT O KEANE WHITE</u>

      The prosecution has consented to an evidentiary hearing on Mr. White's motion for suppression of certain alleged statements made to law enforcement after his arrest.

<u>SEVERANCE ISSUE</u>

      The prosecution has objected to a severance of the trial of this matter even thought there is concession of a certain amount of prejudice to both defendants if the subject statements are admitted into evidence. The basic facts are that both

defendants made significant inculpatory statements to law enforcement about each other's involvement with the crimes charged herein. The post arrest utterances of each defendant are highly incriminating and damaging, if admitted at a joint trial. The introduced statements would compel each defendant to take the stand in his own behalf to refute the statements.. Each post arrest statement clearly not only incriminate themselves but their co- defendant. The prosecution's remedy for this constitutional problem of self incrimination and confrontation is to delete the names of the respective defendant and request that the Court give a curative instruction to the jury.

With due respects to government counsel, such a procedure is no longer the law since Crawford v. Washington, 124 S.Ct. 1354 (2004) was decided. The authorities cited in the prosecution's opposition papers have no relevance to the case at bar and are clearly distinguishable on the law and the facts. There is no conceivable remedy to allow the use of the statements at a joint trial. If the Court should venture down the road of allowing the introduction of these statements, then it would be clear error. The use of the statements at a joint trial would give the jury ample reason to speculate that the unnamed person is in fact the respective defendant. Such action by the jury would effectively deny Mr. White of a fair and untainted trial

<u>MOTION TO DISMISS ON JURISDICTIONAL GROUNDS</u>.

The prosecution's opposition to the defendant's motion is that they are under no obligation to advise either the defense or the Court as to their basis for moving this matter from a State to Federal arena. In order for the defense to effectively represent an accused, counsel must be told what the specific and particular basis there is to have this Court have jurisdiction of this prosecution which is essentially a violation of a state statute. In fact this Court was quite concerned as to the reasons why these alleged violations of law were being prosecuted in the Federal Court as opposed to Bronx Supreme Court. For some reason the prosecution feels that by making certain conclusory or bare bones statements that track the language of the statute, then their obligations have been discharged. The defense takes the opposite position. The prosecution should state the specific grounds why this case should remain in the Federal system as opposed to being sent back to the State Courts for ultimate resolution. The filed complaint and indictment in this matter contains general and unspecific allegation without any details as to why this matter should be remain in this Court.

Your affiant joins in the motions and arguments made by co-counsel in this matter

WHEREFORE it is urged that this Court should grant the relief requested together with whatever other such other and further relief as to this Court may seem just and proper.

DATED: NEW YORK, NEW YORK

July 27, 2008

_____
MARTIN J. SIEGEL